WESTERN HELICOPTERS,
INC., Plaintiff,

v.

BELL HELICOPTER COMPANY,
INC., et al., Defendants.

Ivonne Lajara SANABRIA,
et al., Plaintiffs,

v.

BELL HELICOPTER COMPANY,
INC., et al., Defendants.

Civ. Nos. 93–2062 (RLA), 93–2064 (RLA).

United States District Court,
D. Puerto Rico.

April 2, 1996.

Jose R. Goyco Amador, Juan Ramon Rivas Rivera, Davila, Rivas & Goyco, Ponce, PR, for plaintiff in No. 93–2062 (RLA).

Ivonne Lajara Sanabria On her own Behalf and on Behalf of her minor sons: Andrew Gonzalez Lajara Michael Gonzalez Lajara and Alvin Gonzalez Lajara.

Rosa I. Bonini, Bonini & Perez–Carrillo, Hato Rey, PR, for plaintiffs in No. 93–2064 (RLA).

Jaime F. Agrait Llado, Agrait & Associates, Hato Rey, PR, Juan Ramon Rivas Rivera, Davila, Rivas & Goyco, Ponce, PR, for defendants in No. 93–2064 (RLA).

## ORDER DISMISSING CLAIMS AGAINST BELL FOR LACK OF IN PERSONAM JURISDICTION

ACOSTA, District Judge.

Codefendant BELL HELICOPTER TEXTRON, INC. (incorrectly sued as BELL HELICOPTER CO. and/or BELL HELICOPTER TEXTRON) (hereinafter "BELL") has moved for dismissal of the claims asserted against it alleging lack of *in personam* jurisdiction.

### BACKGROUND

These consolidated actions arose from a fatal accident involving a helicopter manufactured by BELL where three passengers and the pilot perished.

Civ. No. 92–2062 was instituted by the owner of the helicopter against its manufacturer and others whereas in Civ. No. 92–2064 the widow and children of the pilot appear as plaintiffs.

Plaintiffs in both consolidated actions claim that a design defect in the helicopter caused the accident.

### THE FACTS

The following facts set forth by the parties in their respective motions do not appear to be in dispute.

1. BELL is a Delaware corporation with its principal place of business in Fort Worth, Texas.

2. BELL designed, manufactured, assembled and sold 47J–2 model helicopters, like the one subject of this lawsuit.

3. The helicopter subject of this lawsuit, serial number **1837**, registration number **N8476E**, completed BELL's manufacturing cycle on or about **August 3, 1961.**

4. The helicopter was sold and delivered to PDQ Airways, Inc. in Arizona, on or about **August 7, 1961.**

5. The model 47J–2 helicopter was last manufactured in **1964.**

6. BELL never sold a 47J–2 model helicopter to a distributor, dealer or person in Puerto Rico.

7. BELL was registered as a corporation under the laws of Puerto Rico on **May 21, 1987.**

8. According to the Puerto Rico State Department records, JOSE E. ROVIRA–BURSET, BELL's representative in Puerto Rico, stated that the corporation's objective was "to engage in the lawful business of selling private and commercial helicopters and its spare parts."

9. According to the Puerto Rico State Department records, BELL HELICOPTER TEXTRON, INC. has not filed the annual reports required by P.R.Laws Ann. tit. 14, §§ 2301–2304 (1989 and supp.)

10. The helicopter crashed on **July 29, 1992** killing the pilot and three (3) passengers.

11. At the time of the accident, WESTERN HELICOPTERS, INC. was the registered owner and operator of the helicopter.

12. MR. GUILLERMO AMADOR GARCIA is president of WESTERN HELICOPTERS, INC. (formerly doing business as WILNOR CONSTRUCTION).

13. Since his purchase of the helicopter, MR. AMADOR periodically received BELL publications at his address in Puerto Rico which included brochures of BELL Model Helicopters, Alert Service Bulletin, Rotorbreeze, Customer Support & Service 1994 Directory and "1994 Catálogo de los Cursos de Entrenamiento de Vuelo y Mantenimiento."

14. On various occasions MR. AMADOR requested and was provided information pertaining to the acquisition of aircraft parts, services and maintenance available for his helicopter via telephone conversations with BELL personnel outside of Puerto Rico.

15. MR. AMADOR also requested and was provided by BELL information pertaining to the purchase of another helicopter. BELL forwarded printed matter regarding aircrafts for sale.

16. The following persons or entities in Puerto Rico also own helicopters manufactured by BELL: EMPRESAS LOYOLA, Puerto Rico POLICE DEPARTMENT ("PRPD"), J.M. CONSTRUCTION, HILL HELICOPTERS, HILL CONSTRUCTION CORP., WALTER MARQUES, WILFREDO ORAMA and WESTERN HELICOPTERS, INC.

17. According to its answers to interrogatories, BELL also mailed helicopter flight, maintenance, overhaul and associated technical documents as well as the Rotorbreeze Publication to EMPRESAS LOYOLA, PRPD, WILNOR CONSTRUCTION and HILL AVIATION including flight manual and all maintenance related publications for the Models 47G 3B 1, 47S–2 and 206 B III and Alert Service Bulletins.

18. In **1980** the Puerto Rico Police Department ("PRPD") bought a BELL helicopter Model **206 B III** Jet Ranger N **5733K** which purchase was effected through STANLEY ROBLES, a BELL representative in Puerto Rico.

19. The PRPD helicopter was flown to Puerto Rico from Texas in **1980** by STANLEY ROBLES and a PRPD employee.

20. During the first year guaranty of the PRPD helicopter, JOHN ELBEEN, a BELL employee would come to Puerto Rico and meet with PRPD personnel to ensure maintenance procedures were in accordance with BELL Maintenance requirements.

21. According to ANTONIO CARMONA, from the PRPD, after the one (1) year guaranty elapsed, BELL instructed the PRPD that parts or accessories could be purchased from a Miami dealer, MIAMI HELICOPTER.

22. MR. CARMONA further indicated that from 1984 **through 1986,** helicopter hydraulic and transmission parts as well as accessories were facilitated to the PRPD through JOSE E. ROVIRA, believed by the PRPD to be a BELL representative in Puerto Rico.

23. BELL provided training to PRPD aircraft pilots and mechanics at its Texas facilities.

24. Further, BARRY ZUMMALLIEN, a BELL employee, visited Puerto Rico to pro-

vide owners and operators of BELL helicopters with technical assistance free of charge as follows:

| | |
|---|---|
| PRPD | 2/27/89 |
| | 3/29/90 |
| | 9/4/90 |
| | 7/2/91 |
| Empresas Loyola | 9/6/90 |
| | 7/2/91 |
| | 7/3/91 |
| Hill Helicopters | 9/6/90 |
| Orama | 7/2/91 |
| Digital | 7/3/91 |

25. BELL circulated an Information Letter dated **January 20, 1992** to all helicopter owners advising them that they could no longer purchase parts through LORD CORPORATION but that "[p]arts, components and services which were formally (sic) available from Lord Corporation can now be obtained through your normal, authorized BHT (BELL HELICOPTER TEXTRON) spare parts channels."

26. BELL carried out a Model 230 helicopter demonstration tour in Puerto Rico in **July 1993.**

27. BELL representatives came to Puerto Rico to assist the National Transportation Safety Board in the investigation of the accident giving rise to this litigation as well as another accident involving a BELL helicopter.

28. BELL does not have distributors, dealers, sales agents or employees in Puerto Rico and does not keep corporate records in Puerto Rico.

29. BELL's officers and directors are not residents of Puerto Rico.

30. BELL has never held a board of directors or stockholders meeting in Puerto Rico.

31. BELL does not employ an advertising, marketing or public relations firm in puerto Rico, nor has purchased advertising space or time in any local media to market

the 47J–2 models, or any of the helicopters it has manufactured.

32. BELL has no bank accounts in Puerto Rico.

33. BELL is not listed in the telephone book of Puerto Rico.

### THE LAW

■ *In personam* jurisdiction is the power a court has over a defendant. *Foster–Miller, Inc. v. Babcock & Wilcox Canada,* 46 F.3d 138, 143 (1st Cir.1995); *Pritzker v. Yari,* 42 F.3d 53, 59 (1st Cir.1994).

■ Once contested, plaintiff bears the burden of proving sufficient facts in support of personal jurisdiction in the forum state. *Sawtelle v. Farrell,* 70 F.3d 1381, 1387 (1st Cir.1995); *Foster–Miller, Inc.,* 46 F.3d at 145; *Dalmau Rodriguez v. Hughes Aircraft Co.* 781 F.2d 9, 10 (1st Cir.1986).

■ In actions based on diversity jurisdiction the court will first examine the state's long arm statutory provisions and whether or not its application comports with constitutional requirements. *Pritzker v. Yari,* 42 F.3d at 60; *Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 204 (1st Cir.1994); *United Elec. and Mach. Workers of America v. 163 Pleasant Street Corp.,* 960 F.2d 1080, 1086 (1st Cir.1992).

■ The Puerto Rico long arm statute applies to those defendants who have conducted business transactions within the forum. P.R.Laws Ann. tit 32, app. III, R.4.7(a)(1) (1983).[1] This provision has been construed as extending personal jurisdiction to its maximum constitutional potential. *See Pritzker v. Yari,* 42 F.3d at 60 and cases cited therein.

■ *In personam* jurisdiction may be "general" or "specific" depending on the nature of the conduct giving rise to the litigation. General jurisdiction operates in actions which do not result from defendant's activi-

---

1. Rule 4.7, in pertinent part reads:
   (a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

   (1) Transacted business in Puerto Rico personally or through an agent.
   . . . .

ties within the forum state but the defendant has otherwise repeated connections with the state. Specific personal jurisdiction, on the other hand, pertains to situations where the suit relates to or arises from the defendant's contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16 & n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Foster–Miller, Inc.,* 46 F.3d at 144; *Pritzker v. Yari,* 42 F.3d at 59.

> General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.

*United Elec. Workers v. 163 Pleasant Street Corp.,* 960 F.2d at 1088.

The allegations against BELL fall within the "general" category inasmuch as plaintiffs' cause of action is premised on a defective product manufactured in Texas, delivered in Arizona in 1961 and which eventually found its way to Puerto Rico where it crashed in 1992. The claims asserted in these proceedings are not based on any conduct within this forum; on the contrary, they are premised on alleged design defects in a helicopter manufactured and sold outside this jurisdiction over three (3) decades prior to the crash. All of the contacts listed by plaintiffs in support of personal jurisdiction do not point to any acts or omissions of BELL within Puerto Rico which contributed to the accident.

■ General jurisdiction presupposes the existence of at least some contacts with the forum. Once this initial determination is made, the court will then proceed to weigh these activities to determine their sufficiency for constitutional purposes or whether the "contacts were too fragmentary to satisfy the constitutional standard for the exercise of general jurisdiction." *Sandstrom v. Chem-Lawn Corp.,* 904 F.2d 83, 89 (1st Cir.1990).

> In the area of general jurisdiction, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State."

*Sandstrom,* 904 F.2d at 90 (citing *Burger King, Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)).

Foremost, those minimum contacts have been interpreted as requiring plaintiff to prove defendant engaged in "continuous and systematic" activity within the forum. *Pritzker,* 42 F.3d at 60.

### ARGUMENT

■ When all contacts listed by the parties are considered, it is clear that although for a short period of time up to 1987 there was an apparent attempt on behalf of BELL to actively pursue business in this market, the record is devoid of any meaningful activity beyond 1987.

This theory is confirmed by the fact that apart from registering with the Department of State in 1987 no further action was taken by BELL to maintain its corporate standing in Puerto Rico. BELL has failed to submit annual reports required by the local corporate law. Additionally, it is also important to note that registration *per se* has been found insufficient for personal jurisdiction to attach. *See Sandstrom,* 904 F.2d at 89 (though licensed to do business did not conduct any "preparations to do business at an indeterminate future date, without more, cannot be confused with actually doing business"). Thus, the fact that at some point BELL was registered to do business it is inconsequential if that privilege was not utilized to its advantage which is the situation in this case.

The contacts by individuals purportedly representing the interests of BELL in Puerto Rico are remote in time. For instance, the evidence available in the record pointing to JOSE ROVIRA–BURSET as BELL's agent in Puerto Rico ends in 1987. In addition to submitting BELL's objectives to the State Department in 1987, the only activities ascribed to JOSE ROVIRA–BURSET on BELL's behalf on the island were providing helicopter parts and accessories to the PRPD during 1984, 1985 and 1986.

Reference to STANLEY ROBLES as BELL's sales representative is scant. He was only mentioned by plaintiffs in connection with the sale and delivery of a helicopter to the PRPD in 1980.

Any local activity by BELL after 1987 was reduced to a mere conduit of printed material

through the mail; notifying owners regarding location of authorized service parts dealers and sporadic servicing visits by transient technicians. The record is devoid of evidence suggestive of an active and pervasive presence within the forum at a more recent date.

Plaintiffs stress the fact that BELL provided training to the PRPD pilots and mechanics in its Texas facilities. However, apart from the fact that these activities are carried out outside this jurisdiction, they have been found insufficient ties for purposes of extending personal jurisdiction outside the forum. *See Dalmau,* 781 F.2d at 15.

Also, visits by BELL representatives in connection with accident investigations by the NTSB cannot be considered voluntary undertakings in the forum for purposes of jurisdiction. Nor can they be categorized as substantial and pervasive.

With respect to plaintiffs' reference to a helicopter demonstration by BELL personnel, we do not find a single helicopter demonstration tour in 1993 a notable contact.

In sum, even assuming BELL may have actively carried out business in Puerto Rico in the past, the evidence is clear that any such activity ceased at least five (5) years prior to the accident involved in this litigation. The only contacts documented beyond 1987 are fragmentary and isolated events which cannot be characterized as continuous and pervasive. Thus, plaintiffs have failed to present sufficient evidence to prove that BELL purposely established "minimum contacts" in this forum.

In the alternative, plaintiffs argue that BELL should be held accountable in Puerto Rico for having placed a defective product in the stream of commerce with the expectation that they would be purchased locally. This proposition has been rejected by the Court of Appeals which has indicated that for personal jurisdiction purposes, the emphasis is not so much advance notice of the "final destination" of a product but rather,

> [W]hether the manufacturer has purposefully engaged in forum activities so it can reasonably expect to be haled into court there, and, even then, the minimum requirements of "fair play and substantial justice" may defeat jurisdiction.

*Dalmau,* 781 F.2d at 15.

In this vein, BELL has presented evidence not only of the absence of meaningful contacts within this jurisdiction but also of a reasonable belief that it would not have to defend in this forum.

## CONCLUSION

Based on the foregoing, BELL's Motion to Dismiss for Lack of in Personam Jurisdiction (docket No. 10) [2] is hereby **GRANTED.**

Accordingly, the claims filed against BELL HELICOPTER TEXTRON, INC. incorrectly sued as BELL HELICOPTER COMPANY and/or BELL HELICOPTER TEXTRON, a DIVISION OF TEXTRON, INC. in these consolidated actions are hereby **DISMISSED FOR LACK OF IN PERSONAM JURISDICTION.**[3]

Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

2. All docket entry references pertain to Civ. No. 93–2062.

3. *See* Motion in Opposition ... filed by WESTERN HELICOPTERS, INC. (docket No. **33**); Opposition ... filed by plaintiffs in Civ. No. 93–2064 (docket No. **42**); Reply to Plaintiffs' Opposition ... filed by BELL (docket No. **46**) and Supplemental Brief ... filed by BELL (docket No. **49**).

  *See also* BELL's Motion for Leave to Reply ... (docket No. **36**). Leave to file reply is **GRANTED.**